UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEVIN LOUIS,

                Petitioner,

-against-

PHILIP D. HEATH, Superintendent,
Sing Sing Correctional Facility,

                Respondent.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 0 7 2014 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

12-CV-4900 (SLT)

**TOWNES, United States District Judge:**

On September 17, 2012—about 10 months after his conviction became final and about one week after he filed a state-court motion to vacate his conviction pursuant to Criminal Procedure Law ("C.P.L.") § 440—petitioner Kevin Louis, a State prisoner proceeding *pro se*, commenced this action by placing a petition for a writ of habeas corpus in the prison mailbox. Now, approximately two years later, petitioner has completely exhausted the grounds raised in his C.P.L. § 440 motion and seeks permission to amend his petition to raise these grounds. Although he argues that these newly exhausted grounds are procedurally barred and without merit, respondent does not oppose the motion to amend. Accordingly, the motion is granted as set forth in the order below.

## BACKGROUND

The petition which plaintiff filed with the Court in mid-September 2012 raised a single ground for relief: that petitioner's federal due process and equal protection rights were violated when the trial court permitted the prosecutor to exercise a peremptory challenge in an allegedly discriminatory manner. However, along with the petition, petitioner filed a letter addressed to the Clerk of Court, dated September 11, 2012, which requested a "Stay and Abeyance Hold ...

consistent with the principles announced within the case of *Rhines v. Weber*, 544 U.S. 269, 277 (2005)." Document 1, at p. 18 of 163. Attached to that letter was copy of a C.P.L. § 440 motion dated September 10, 2012, which petitioner had just filed in the Supreme Court of the State of New York, Kings County, and which raised four additional issues.

In an Order to Show Cause dated October 4, 2012, this Court directed respondent to respond to petitioner's stay application and to serve a return on petitioner. After requesting and receiving an extension of time, respondent complied with this Court's directive on November 29, 2012. In his submission, respondent opposed petitioner's request for stay and abeyance, but also addressed the merits of at least some of the issues raised in the C.P.L. § 440 motion. *See* Respondent's Memorandum of Law dated November 29, 2012, pp. 19-22.

On January 9, 2013, this Court received a letter from petitioner which requested a 30- to 45-day extension of time "to complete and submit a Reply to the Respondent's Opposition for Stay and Abeyance Hold, as well as a Traverse to the Return, which the Respondent also made inclusive within the Opposition for Stay and Abeyance Hold." Letter to Hon. Sandra L. Townes from Kevin Louis dated Dec. 30, 2012, p. 1 (emphasis and internal quotation marks omitted). In an order dated January 16, 2013, and entered January 17, 2013 (the "Prior Order"), this Court granted the extension of time, giving plaintiff until February 28, 2013, in which to file a reply to respondent's opposition to his petition and to his request for stay and abeyance. After requesting and receiving a further extension of time, petitioner filed a "Travers[e] to the Return" dated March 13, 2013, which included a "Motion for Stay and Abeyance Hold." *See* Memorandum of Law in Support of Traverse, dated Mar. 13, 2013, pp. 9-11.

The Court had yet to rule on that stay application when, in early April 2014, it received from petitioner a "Motion to File an Amended Complaint" dated March 27, 2014. That motion

attaches numerous exhibits which establish that petitioner's C.P.L. § 440 motion has been denied and that the issues raised in the § 440 motion have been completely exhausted. Although portions of the motion to amend are unclear, that submission clearly seeks to amend the petition to add the newly exhausted grounds for habeas corpus relief.

In his response to the motion to amend, respondent expresses uncertainty as to whether petitioner wishes to amend the petition to add all of the grounds raised in the C.P.L. § 440 motion or only the ineffective assistance of counsel claim raised therein. Affidavit of Assistant District Attorney Victor Barall in Response to Petitioner's Motion for Leave to File an Amended Complaint and in Further Opposition to Habeas Corpus Petition (the "Barall Affidavit"), ¶ 17. The response nonetheless addresses all of the grounds, arguing, among other things, that "the new grounds that [petitioner] seeks to add to his habeas petition are procedurally barred from habeas review and entirely without merit." *Id.*, ¶ 3 (brackets added; underlining in original). The response does not argue that amendment of the petition would be futile, unduly prejudicial to respondent, or dilatory. Rather, respondent does not oppose the motion to amend and notes that the merits of the grounds raised in petitioner's C.P.L. § 440 motion have already been addressed in the return.

## DISCUSSION

The Federal Rules of Civil Procedure specifically provide that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2) (brackets added). The Supreme Court has made clear that Rule 15(a)(2)'s "mandate is to be heeded." *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News,*

3

*L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, "[l]eave to amend may properly be denied if the amendment would be futile," *id.* (citing *Foman*, 371 U.S. at 182), or "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002).

In responding to petitioner's motion to amend his petition, respondent does not argue that it would be futile to permit amendment of the petition or that such amendment would be unfairly prejudicial or dilatory. Rather, while arguing that "the new grounds that [petitioner] seeks to add to his habeas petition are procedurally barred from habeas review and entirely without merit," Barall Affidavit, ¶ 3 (brackets added), respondent does not oppose the motion to amend. Accordingly, it is **ORDERED**:

1. That petitioner's motion to amend his petition is granted;

2. That petitioner shall file his amended petition on or before December 1, 2014;

3. That respondent shall have until December 22, 2014, in which to file a supplemental response, addressing only the newly added grounds for habeas relief;

4. That if respondent elects to file a supplemental response, petitioner shall have until January 16, 2015, in which to file a reply to that supplemental response; and

5. That petitioner's motion for a stay and abeyance is moot.

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 5, 2014
Brooklyn, New York

4